**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GONZALO VALDOVINOS-BLANCO,

    Plaintiff,

    v.                                                         No. CIV 11-0436 MCA/WPL

LEE VAUGHN, CCA-CIBOLA CTY;
ASST WARDEN BUTT, CCA-BOP FACILITY
AT CALIFORNIA CITY;
PRIVATIZATION MANAGEMENT BRANCH EMPLOYE,
DONNA MELENDICK ADMINISTRATOR, ET AL.,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2), 1915A(a) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original and supplemental civil rights complaints (Docs. 1, 10) (together the "complaint") under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Also before the Court are Plaintiff's motions for leave to supplement his complaint (Docs. 8, 10). Plaintiff does not need leave of the Court to supplement at this point, *see* Fed. R. Civ. P. 15(a)(1), and the motions will be denied as moot. The second of these motions contains factual allegations and is construed herein as a supplemental complaint. Plaintiff is incarcerated in federal custody, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R.

Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is incarcerated in New Mexico as a transferee from California. The complaint asserts claims against two California Defendants and a New Mexico Defendant based on allegations that Plaintiff has been denied adequate medical treatment and subjected to discrimination by staff at correctional facilities in both states. Furthermore, he alleges that California authorities retaliated against him for filing grievances by transferring him to New Mexico. Plaintiff seeks damages and certain equitable relief.

The Court will dismiss Plaintiff's claims based on events that occurred before he was transferred to New Mexico. Because no Defendant identified with those earlier events resides in this District and none of the alleged events occurred here, venue is improper in this District. *See* 28 U.S.C. § 1391(b); *Flanagan v. Shively*, 783 F. Supp. 922, 935 (M.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992); *Robinson v. Love*, 155 F.R.D. 535, 536 n.1 (E.D. Pa. 1994). The Court has the discretion to dismiss an inmate complaint *sua sponte* under 28 U.S.C. § 1915A(a) for improper venue. *See Brown v. Cal. Dep't of Corrections*, No. C03-2526 CRB(PR), 2003 WL 21321362, at *1 (N.D. Cal. June 4, 2003). Under these circumstances, Plaintiff's claims that arose in California could be

severed and transferred under rule 21 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a), *see Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1520-21 (10th Cir. 1991), or dismissed, *see Brown*, 2003 WL 21321362, at *1; *Robinson*, 155 F.R.D. at 536 n.1.

The Court of Appeals for the Tenth Circuit has noted several factors that this Court should consider in determining whether to transfer or dismiss these claims. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006). The first of these factors is whether a new action against the California defendants would be time barred at this point. *See Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). According to attachments to the complaint, the events in California giving rise to Plaintiff's claims occurred during 2009-2010. It thus appears that Plaintiff's claims against the California defendants are not time-barred. *See Peralta v. Caire*, 223 F. App'x 666, 667 (9th Cir. 2007) (discussing California's limitations periods and tolling for mandatory exhaustion of administrative remedies); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).

Another factor is whether Plaintiff's claims against the non-resident defendants "are likely to have merit." *Trujillo*, 465 F.3d at 1223 n. 16; *Haugh*, 210 F.3d at 1150 n. 4. Plaintiff alleges that the California defendants violated his rights under the First, Eighth, and Fourteenth Amendments. The Court expresses no opinion as to the ultimate merit of Plaintiff's claims, but his allegations clearly survive scrutiny under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure.

A third factor is whether this complaint against the non-resident defendants was filed in good faith. *See Trujillo*, 465 F.3d at 1223 n. 16; *Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996). Plaintiff clearly had time to file his pre-transfer claims in a California court, although he may not have been able to file his retaliatory transfer claim, and he may not have

"realized that the [New Mexico] forum . . . was improper." *Trierweiler*, 90 F.3d at 1544. Because Plaintiff still has time to file his claims in California against the non-resident Defendants, *see Peralta v. Caire*, 223 F. App'x at 667, the *Trujillo* factors appear to weigh in favor of dismissal rather than transfer. The Court finds that in the interest of justice, *see* § 1631, Plaintiff's claims against the California Defendants should be dismissed without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's motions for leave to supplement his complaint (Docs. 8, 10) are DENIED as moot;

IT IS FURTHER ORDERED that, under 28 U.S.C. §§ 1406(a), 1631, Plaintiff's claims arising from events in California are DISMISSED without prejudice to his right to pursue these claims in an appropriate forum; and Defendants Butt, Melendick, and Adler[1] are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that, pursuant to rule 4(d) of the Federal Rules of Civil Procedure, the Clerk is directed to issue notice and waiver of service forms, with a copy of Plaintiff's complaint (Docs. 1, 2, 10) for Defendant Vaughn.

UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff names Neil H. Adler as an additional Defendant in his supplemental complaint (Doc. 10).