## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GONZALO VALDOVINOS-BLANCO,

    Plaintiff,

      v.                                                 CV 11-0436 MCA/WPL

LEE VAUGHN, Warden, Cibola County
Correctional Center,

    Defendant.

### ORDER STRIKING SUPPLEMENTAL RESPONSE AND
### MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 28)

On April 9, 2012, Plaintiff Gonzalo Valdovinos-Blanco filed a document entitled Response to the Defendant's Motion to Dismiss and Motion for Judgment on the Pleadings. (Doc. 28.) Within the text of the document, he solely makes arguments in response to Defendant's Motion to Dismiss (Doc. 19), to which he already responded (Doc. 26). It is clear that this document is intended as a second response to Defendant's motion to dismiss. For the reasons stated below, I construe this document as a surreply and order that it be stricken from the record.

Though Valdovinos-Blanco asserts that he is bringing a motion for judgment on the pleadings, it is clear that this document is not intended as a motion for judgment on the pleadings. Federal Rule of Civil Procedure 12(c) allows a party to move for a judgment based on the pleadings and exhibits attached to the complaint. FED. R. CIV. P. 12(c) & (h)(2). However, such a motion cannot be made without stating some factual basis or authority in support of granting such a motion. Here, Valdovinos-Blanco states no factual or legal basis for granting judgment on the pleadings. Instead, he reiterates arguments responsive to Defendant's motion to dismiss.

Second, Valdovinos-Blanco cites to evidence outside the pleadings throughout the document. Specifically, he refers the Court to four affidavits attached to the document to prove Defendant's personal involvement. A judgment on the pleadings may only be granted when the complaint, attached exhibits and answer demonstrate that judgment as a matter of law is warranted. The Court may not look to any documentation outside of the pleadings, including exhibits that are attached to a motion.

Finally, throughout the document, Valdovinos-Blanco requests that the Court hold an evidentiary hearing or conduct a jury trial. (Doc. 28 at 2, 6, 10.) These requests make it clear that he believes additional evidence is necessary before the Court or a jury can rule on his claim. Therefore, this document cannot be considered a motion for judgment on the pleadings.

In this pleading, Valdovinos-Blanco merely raises the same arguments already raised in opposition to Defendant's motion to dismiss. Because he has already filed a response to the motion to dismiss, I construe the document as a surreply.

A surreply may only be filed after the Court grants the party permission to file. D.N.M.LR-Civ. 7.4(b). Valdovinos-Blanco did not request leave of the Court prior to filing this surreply. Moreover, surreplies are only permitted in rare cases, such as when a movant improperly raises new arguments in a reply.[1] *See King v. Knoll*, 399 F. Supp. 2d 1169 (D. Kan. 2005) (quotations omitted). In this case, the surreply does not address new arguments; it merely restates all that Valdovinos-Blanco described in his complaint, supplements to his complaint, and response to the motion for

---

[1] In this case, the movant did raise new arguments in his reply – namely that Valdovinos-Blanco waived his *Bivens* claim and failed to make out a *prima facie* case under the Americans with Disabilities Act. (Doc. 27 at 3, 5.) However, Valdovinos-Blanco's surreply does not touch on Defendant's new arguments at all.

summary judgment.

Valdovinos-Blanco offers no justification for filing the surreply without leave. Moreover, the document is entirely redundant, aside from the attached affidavits. Accordingly, the Court will *sua sponte* strike this document from the record. *See* FED. R. CIV. P. 12(f). Plaintiff may file the attached affidavits as exhibits to an appropriate pleading in the future, such as a motion for summary judgment or a response to Defendant's motion for summary judgment.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.