# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GONZALO VALDOVINOS-BLANCO,

      Plaintiff,

    v.                                  CV 11-0436 MCA/WPL

LEE VAUGHN, Warden, Cibola County
Correctional Center,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Plaintiff Gonzalo Valdovinos-Blanco, a federal prisoner currently housed in Cibola County Correctional Center ("Cibola"), in Milan, New Mexico, uses a wheelchair. He brought suit alleging, among other things, that Cibola is not handicap accessible. (Doc. 1; Doc. 2; Doc. 10.) Defendant Lee Vaughn, Warden of Cibola, has filed a motion to dismiss. (Doc. 19.) This matter has been referred to me for a recommendation as to the final disposition (Doc. 5), and I have reviewed the motion, response (Doc. 26), reply (Doc. 27), and relevant law. I find that some of Valdovinos-Blanco's claims are frivolous and that actions under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, are not available. However, I find that a cause of action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), may be implied.

### FACTUAL AND PROCEDURAL BACKGROUND

Originally, Valdovinos-Blanco brought suit against Vaughn and two other Defendants working for Correctional Corporations of America ("CCA") facilities in California. (Doc. 1 at 2; Doc. 16 at 2.) The Court found that the District of New Mexico was an improper venue to sue individuals from California based on events that occurred in California. (Doc. 16 at 2-4.)

Accordingly, it dismissed those claims without prejudice, and the California Defendants were dismissed from this action. (*Id.* at 4.) The sole remaining Defendant is Vaughn, and the sole remaining claims are based on the events that transpired at Cibola. Nevertheless, Valdovinos-Blanco's story begins in California.

Valdovinos-Blanco began serving a sentence for a federal conviction at a CCA facility in California. (Doc. 10 at 5.) One day, while working in the kitchen, he fell and sustained injuries. (*Id.*) As a result, he suffered persistent difficulty with mobility, and the prison provided him with a wheelchair. (*Id.*) His pain and trouble walking have continued to this day. (*Id.* at 6.) He also asserts that his upper body strength has decreased, making it difficult to use the wheelchair. (*Id.*)

Now that Valdovinos-Blanco is housed at Cibola, he asserts that the facility is not handicap accessible. (Doc. 2 at 2.) Specifically, he claims that Vaughn denied him access to the showers because the facility lacks proper ramps and a secure grab bar. (*Id.*; Doc. 26 at 3.) He further contends that he has been denied access to the law library because the library is only equipped to hold one wheelchair user at a time. (Doc. 2 at 2.) He also asserts that he is forced to travel more than 1000 meters from his housing location multiple times every day, once daily to the medical services department where he receives insulin and more than once daily to food services for his meals. (*Id.* at 4.) In addition to accessibility, Valdovinos-Blanco claims that he has been denied proper medical care. (*Id.*; Doc. 10 at 7.)

Valdovinos-Blanco presents his claims as arising under the Eighth Amendment. (Doc. 2 at 7.) In addition, he asserts that his right to access services within the institution has been violated. (*Id.*) Finally, he states that, by denying proper ramps and assistance to gain access to the showers and dining hall, Vaughn "is being discriminatory contrary to statutory rights protecting all disable

2

[sic] inmates . . . ." (*Id.* at 8-9.) Valdovinos-Blanco seeks injunctive and declaratory relief including assignment to a medical care level of two or three and referral to another institution that provides ramps into the shower and that does not require him to move more than 1000 meters from his unit.[1] (Doc. 1 at 5-6.)

Vaughn filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 19.) In it, he asserts that Valdovinos-Blanco cannot assert a claim pursuant to 42 U.S.C. § 1983 because he is in federal, not state, custody. (*Id.* at 3-4.) He next argues that no implied right of action can lie pursuant to *Bivens* because adequate alternative remedies exist to vindicate Valdovinos-Blanco's claims. (*Id.* at 4-5.) Finally, he contends that, even if a *Bivens* action is available, there is no *respondeat superior* liability under *Bivens*, and Valdovinos-Blanco has not alleged any personal involvement by Vaughn. (*Id.* at 5-6.)

In response, Valdovinos-Blanco urges that he has presented an actionable claim. (Doc. 26.) He states that Cibola's status as a privately held company should not render it immune from the law mandating accessible facilities. (*Id.* at 2.) He clarifies that he intended to bring his claims pursuant to the ADA, the Eighth Amendment, and the Equal Protection clause. (*Id.* at 2, 4, 6.) He asserts that Vaughn violated his rights, that a reasonable person would have known of the rights, that Vaughn breached a duty of care to Valdovinos-Blanco, and that Vaughn demonstrated deliberate indifference. (*Id.*) He further argues that Vaughn failed to supervise the institution and failed to provide disabled inmates with access to all areas of Cibola. (*Id.* at 3.)

---

[1] In a supplemental pleading, he also requested compensatory damages for pain and suffering. (Doc. 10 at 11.) However, that was raised in conjunction with his claims against the California facility for his fall and injury. (*See id.* at 10.) Accordingly, it appears that he seeks only declaratory and injunctive relief against Vaughn.

Based on the response, Vaughn now argues that Valdovinos-Blanco waived any *Bivens* claim by arguing that his claim arises under § 1983. (Doc. 27 at 3.) Regarding the ADA claim, Vaughn contends that it was made for the first time in a response, that he is not the proper defendant for any ADA-related claim, and that Valdovinos-Blanco failed to allege the elements of a *prima facie* case under the ADA. (*Id.* at 5.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint in whole or part for failing to state a claim upon which relief is available. In considering Rule 12(b)(6) motions, courts must look within the four corners of the complaint, accept all well-pleaded factual allegations as true and evaluate whether the plaintiff is plausibly entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (citations omitted); *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (citation omitted). In other words, the court may neither look beyond the complaint nor weigh the evidence. To survive a motion to dismiss, then, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatevely) has a claim for relief" under the relevant law. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Valdovinos-Blanco is a *pro se* litigant. Accordingly, I construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a *pro se* litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[.]" *Garrett*

*v. Selby, Connor, Maddox & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

## ANALYSIS

### I.    *Frivolousness Review*

Courts have the discretion to dismiss a claim in an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) "at any time if . . . the action or appeal . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." Dismissing a claim as frivolous *sua sponte* is only appropriate where a claim is based on a legal theory that is indisputably meritless or is founded on factual allegations that are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (quotation omitted).

Valdovinos-Blanco asserted that he has been denied proper medical care. (Doc. 2 at 4; Doc. 10 at 7.) However, he fails to allege any facts related to that claim. Federal Rule of Civil Procedure 8 requires that a claim for relief include "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). This requires that the pleader describe enough of the facts underlying the claim "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Because Valdovinos-Blanco's medical care claim is founded on no factual allegations at all, it fails to show that he is entitled to relief. Accordingly, I recommend that this claim be dismissed.

Valdovinos-Blanco also claims that his right to equal protection of the laws has been violated. The Equal Protection Clause requires that the government treat similarly situated people

alike. *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). To state an equal protection claim, a plaintiff must make a showing that the action at issue had a discriminatory effect and was taken with a discriminatory motive. *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003). Valdovinos-Blanco did not ascribe any discriminatory motive to Vaughn. Moreover, his complaint is essentially that he was *not* treated differently from the other inmates. *See Honeycutt v. Werholtz*, No. 07-3122-SAC, 2010 WL 3878852, at *3 (D. Kan. Sept. 28, 2010). He was offered no assistance to access the showers or to move from his cell to other areas of the facility. His allegations center on Vaughn's failure to accommodate his disability, not Vaughn's disparate treatment of similarly situated inmates. Accordingly, his equal protection claim is frivolous, and I recommend that it be dismissed.

II.     *Section 1983*

When a person acting "under color of state law" deprives a citizen of any "rights, privileges, or immunities secured by the Constitution and laws[,]" 42 U.S.C. § 1983 provides a remedy. *Monroe v. Pape*, 365 U.S. 167, 172, 184-87 (1961). Consequently, a § 1983 suit must be premised on a wrongdoing perpetrated by an actor "clothed in the authority of state law . . . ." *Id.* at 184.

It is undisputed that Valdovinos-Blanco is a federal inmate and that Cibola is a privately-run facility operating under the federal Bureau of Prison's ("BOP") authority to house federal inmates. (Doc. 19 at 2 (citing http://www.bop.gov/locations/weekly_report.jsp#private); Doc. 26 at 1-2.) Valdovinos-Blanco does not allege that Vaughn is a state actor, nor could he. Accordingly, I find that  Valdovinos-Blanco may not proceed under § 1983.

III.    *Bivens*

    **A.    Waiver**

Before addressing the merits of Vaughn's argument that no *Bivens* action is available, I must address Vaughn's contention that Valdovinos-Blanco waived his *Bivens* claim. (Doc. 27 at 3.) It is true that Valdovinos-Blanco focused primarily on § 1983 in his response to Vaughn's motion to dismiss. (*See* Doc. 26.) However, the argument that he waived his claim by failing to specifically identify *Bivens* is entirely lacking in merit. *Bivens* and § 1983 actions are functionally identical, except for the replacement of a state actor under § 1983 with a federal actor under *Bivens*. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). Because pleadings by *pro se* litigants are liberally construed, this Court will not deem a cause of action waived simply because the litigant mistook § 1983 for its identical federal counterpart. With that resolved, I move to the merits of the motion to dismiss Valdovinos-Blanco's *Bivens* claim.

    **B.    Implied Right of Action**

In *Bivens*, the Supreme Court was presented with a citizen whose constitutional rights had been invaded by federal rather than state actors. 403 U.S. at 390. The right in *Bivens* was not in doubt; the sole question was whether the Court had the power to authorize an award of damages as a remedy to vindicate the right. *See id.* at 400-02 (Harlan, J., concurring). The Court determined that the right could not be appropriately vindicated by state tort law, so it implied a private right of action for damages based on the alleged violation of a constitutionally protected interest by a federal official. *See id.* at 397; *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).

However, in the decades following *Bivens*, the Court has expressed a real reluctance to extend *Bivens* liability. Only twice after *Bivens* did the Court recognize an implied damages remedy,

once under the Due Process Clause of the Fifth Amendment and once under the Cruel and Unusual

Punishment Clause of the Eighth Amendment. *Carlson v. Green*, 446 U.S. 14 (1980); *Davis v.

Passman*, 442 U.S. 228 (1979). At every other turn, the Court has consistently refused to imply a

right of action pursuant to *Bivens. See, e.g.*, *Minneci v. Pollard*, 565 U.S. ----, 132 S. Ct. 617 (2012);

*Malesko*, 534 U.S. 61; *Bush v. Lucas*, 462 U.S. 367 (1983). In *Malesko*, the Court identified the core

purpose of *Bivens*, which "is to deter individual federal officers from committing constitutional

violations." 534 U.S. at 70. Thus, no implied right of action will be found where other means to

deter those officials exist. *Id.*

Recently, the Court made the decline of *Bivens* crystal clear: no *Bivens* action will lie where

there is an "'alternative, existing process' capable of protecting the interests at stake." *Pollard*, 565

U.S. at ----, 132 S. Ct. at 623 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). Specifically,

in *Pollard*, the Court addressed whether a *Bivens* action could be brought against privately employed

personnel working at a privately operated federal prison. *Id.* The circumstances presented in *Pollard*

were fairly similar to those raised in this case. There, the plaintiff, a federal inmate incarcerated at

a privately run facility, sought damages against employees of the facility based on alleged violations

of his Eighth Amendment right to adequate medical care. *Id.* at 620-21. One of the violations that

the plaintiff alleged was that, after he slipped in the prison resulting in his arms being in casts or

similarly disabled, "[p]rison officials deprived him of basic hygienic care to the point where he

could not bathe for two weeks." *Id.* The Court concluded that, because prisoners are permitted to

bring state tort actions against employees of a private firm, state tort law provided an alternative

process precluding a *Bivens* action. *Id.* at 623, 626.

In his motion to dismiss, Vaughn urges that, like in *Pollard*, an alternative process exists to

vindicate Valdovinos-Blanco's interest. (Doc. 19 at 5.) Specifically, Vaughn states that Valdovinos-Blanco's claims could be redressed through the ADA. Vaughn cites no support for that proposition, despite the fact that it is clear that the ADA does not apply to a private prison housing federal inmates.

The ADA was designed to prevent discrimination against and to protect individuals with disabilities. *Agee v. United States*, 72 Fed. Cl. 284, 289 (Fed. Cl. 2006) (citing *Office of the Senate Sergeant at Arms v. Office of Senate Fair Emp't Practices*, 95 F.3d 1102, 1105 (Fed. Cir. 1996)). The law covers three general areas: employment (Title I), public services (Title II), and public accommodations and services operated by private entities (Title III). 42 U.S.C. §§ 12111-12117, 12131-12134, & 12181-12189. The only portions of the ADA that could apply to Valdovinos-Blanco's claims are Title II and Title III.

By definition, Title II of the ADA only applies to public entities. 42 U.S.C. § 12132. This phrase does not encompass the federal government or those acting on its behalf. *Agee*, 72 Fed. Cl. at 289. The ADA defines public entities as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority . . . ." 42 U.S.C. § 12131(1). Clearly, Title II cannot apply to a private prison operating on behalf of the federal government. *See Cellular Phone Taskforce v. Fed. Commc'ns Comm'n*, 217 F.3d 72, 73 (2d Cir. 2000) (citation omitted); *Beaird v. Gonzales*, 495 F. Supp. 2d 81, 83 n.2 (D.D.C. 2007). *But see Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998) (holding that Title II of the ADA applies to state prisons).

Title III of the ADA is inapplicable to private correctional facilities because such a facility

is not a place of public accommodation. The ADA contains an exhaustive list of places of public accommodation, and nowhere in the list is a prison, jail or correctional institution mentioned. 42 U.S.C. § 12181(7). Though no federal appellate court has addressed the issue, several district courts have discussed the application of Title III to prisons. Each court to tackle this issue has found, without doubt, that a prison is not a place of public accommodation. *See, e.g.*, *Tester v. Hurm*, No. 09–318–JBC, 2011 WL 6056407, at *3 (E.D. Ky. Dec. 6, 2011) (citation omitted) ("[P]rivate prisons are not among the private entities required to provide public accommodation under Title III."); *Collazo v. Corr. Corp. of Am.*, No. 4:11cv1424, 2011 WL 6012425, at *3-4 (N.D. Ohio Nov. 30, 2011) ("A jail or prison facility does not constitute a place of 'public accommodation' as defined in the applicable statutory provisions."). I likewise conclude that Title III's list of places of public accommodation is exhaustive and does not encompass prisons.

Because the ADA does not apply to private correctional facilities housing federal prisoners, I find that the sole available remedy to vindicate Valdovinos-Blanco's constitutional interests is a *Bivens* action.

### C.     Respondeat Superior

Vaughn also contends that Valdovinos-Blanco cannot maintain a *Bivens* action against him because Valdovinos-Blanco only alleges that Vaughn is liable because he is a supervisor. In the limited circumstances where *Bivens* does apply, vicarious liability is not available, so the plaintiff is required to plead that the defendant, through his own actions, "has violated the Constitution." *Iqbal*, 556 U.S. at ----, 129 S. Ct. at 1948. The factors necessary to establish a *Bivens* claim vary depending on the constitutional provision at issue. *Id.* Here, the provision at issue is the Eighth Amendment.

The Eighth Amendment requires that prison officials provide humane conditions of confinement, including adequate shelter, sanitation, and reasonable safety from serious bodily harm. *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To state a claim under the Eighth Amendment, the plaintiff must allege an injury or deprivation that is sufficiently serious, or that denies the prisoner "the minimal civilized measure of life's necessities." *Id.* (quoting *Farmer*, 511 U.S. at 834). The plaintiff must also show that the official had a culpable state of mind; specifically, that he knew of and disregarded an excessive risk to the inmate's health or safety. *Id.* (quoting *Farmer*, 511 U.S. at 837). The knowledge of the risk need not be specific to a particular inmate and may be inferred from circumstantial evidence, such as the obviousness of the condition. *Id.* (citations omitted).

Vaughn has not contested the seriousness of the deprivation at this point; the sole issue is regarding his personal involvement. Valdovinos-Blanco has alleged facts sufficient to show that Vaughn knew of and disregarded the safety and health risks posed by inaccessible shower facilities. Valdovinos-Blanco asserts that he was forced to choose between showering, where he risked falling and further injuring his back and legs, and not taking a shower. (*See* Doc. 26 at 3.) He alleges that he is not the only inmate in Cibola with mobility problems due to a disability and that inmates have repeatedly requested that Vaughn remedy the accessibility issues. (*See id.* at 3, 4, 5.) He also contends that Vaughn, as the Warden of Cibola, is responsible for the facilities. (*See id.* at 3.) It can be inferred from these facts that Vaughn knew that Cibola's showers were not handicap accessible and chose not to tighten the grab bars in the showers or to provide an entrance ramp to the showers. Presumably, only the warden can order changes to the facility to make it more handicap accessible. Vaughn does not present another individual who is responsible for ordering maintenance and

alterations to the facilities at Cibola.

Accordingly, I find that Valdovinos-Blanco has sufficiently alleged that Vaughn was personally responsible for and knew of the deficiencies in the showers that rendered them inaccessible to wheelchair users.

IV.    *ADA Claim*

As stated above, while the ADA applies to state prisons, *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998), it does not apply to federal prisons or privately-operated correctional facilities. *Crowder v. True*, 1993 WL 532455, *5 (N.D. Ill. 1993) (unpublished ), *aff'd*, 74 F.3d 812 (7th Cir. 1995). Thus, any claim that Valdovinos-Blanco attempts to assert under the ADA is not actionable. I recommend that his ADA claim be dismissed with prejudice.

12

## RECOMMENDATION

For the foregoing reasons, it is recommended that Vaughn's motion (Doc. 19) be granted in part and denied in part. I find that Valdovinos-Blanco's claims regarding medical care and equal protection are frivolous and recommend that they be dismissed. I also find that Valdovinos-Blanco cannot maintain a claim against Vaughn under 42 U.S.C. § 1983 or the ADA, and I recommend that these claims be dismissed with prejudice. However, I find that Valdovinos-Blanco has stated a viable claim that Vaughn violated his Eighth Amendment rights because Vaughn has denied him handicap-accessible shower facilities. I further find that no alternative remedy for this alleged violation is available. Thus, I recommend that a *Bivens* right of action be implied.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.                13