# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GONZALO VALDOVINOS-BLANCO,

    Plaintiff,

    v.                                                                       CV 11-0436 MCA/WPL

LEE VAUGHN, Warden, Cibola County
Correctional Center,

    Defendant.

## ORDER DENYING APPOINTMENT OF COUNSEL

This matter is before me on Gonzalo Valdovinos-Blanco's motion for appointment of counsel. (Doc. 35.) There is no Sixth Amendment right to appointed counsel in a civil proceeding. *See Macquish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). When a plaintiff is proceeding pursuant to 28 U.S.C. § 1915, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). In deciding whether to appoint counsel, a court should consider the following factors: the merits of the claims, the nature and complexity of the factual and legal issues raised in the claims, and the litigant's ability to investigate the facts and present the claims. *Id.* A decision to deny counsel will only be overturned when it results in fundamental unfairness. *Steffey v. Orman*, 461 F.3d 1218, 1224 (10th Cir. 2006).

Based on my review of the record, Valdovinos-Blanco appears to understand the issues in the case and to be representing himself in a capable manner. At this point, the issues in the case have been narrowed and are not legally complex. (*See* Doc. 32.) Finally, Valdovinos-Blanco is best

positioned to know and understand the facts underlying his claims.  I find that the interests of justice do not require the appointment of counsel at this time.

  IT IS THEREFORE ORDERED that the motion is denied.

                */s/ William P. Lynch*
                William P. Lynch
                United States Magistrate Judge